(51 Misc. Rep. 381.)

## In re COOPER.

(Surrogate's Court, Queens County.  August, 1906.)

1. EXECUTORS AND ADMINISTRATORS—COMPELLING PAYMENT OF LEGACY—LIMITATIONS.

Code Civ. Proc. § 1819, providing that, in computing the time within which an action to recover a legacy must be brought. the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, does not apply to a proceeding in surrogate's court to compel payment of a legacy.

[Ed. Note.—For cases in point, see Cent. Dig vol. 22, Executors and Administrators, § 1282.]

2. SAME—LACHES.

Where the accounts of an executor were judicially settled in 1882, but no special guardian was appointed for an infant legatee, on whom citation had been served by publication, her right to demand payment of her legacy began when she attained majority, but a proceeding brought 20 years after that period in the Surrogate's Court is barred by limitation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1282.]

In the matter of the petition for an order on Sarah D. Cooper, or Sarah D. Goewey, as executrix, to show cause why she should not pay a legacy. Decree for executrix.

George Wallace, for petitioner.
Kiendl Brothers, for executrix.

NOBLE, S.  This is a proceeding to compel the payment of a legacy under the last will and testament of John D. Cooper, deceased, which

was admitted to probate by this court on the 15th day of July, 1878. In the codicil to said will a legacy of $250 is left to the said Sarah D. Cooper, petitioner herein. There is no provision in said will or codicil charging the said legacy on the real estate left by the testator. On the 19th day of September, 1882, a decree was entered in this court judicially settling the account of the executors, Sarah D. Cooper and John D. Cooper. In that proceeding a citation was issued, directed, among others, to "Sarah Cooper Bennett and James Cooper, whose place of residence is unknown and cannot, after diligent inquiry, be ascertained." Service of the citation was made by publication in the Albany Morning Express and the Long Island Democrat, and proper proof of such service by such publication was filed in the proceeding.

Sarah D. Bennett (or Sarah Cooper Bennett), at the time of said accounting, was a minor; but no special guardian was appointed to represent her interests in the accounting proceedings. According to an affidavit filed by the petitioner herein, she was, at that time, 17 years of age. She would therefore become of age in the year 1886. The claim of the petitioner to her right to the payment of the said legacy is founded on section 1819 of the Code of Civil Procedure, which provides:

"But for the purpose of computing the time, within which such an action must be commenced, the cause of action is deemed to accrue, when the executor's or administrator's account is judicially settled, and not before."

It will be noticed that this section extends the time for the statute of limitations to begin to run until six years after the executor or administrator has had his account judicially settled, but that it refers only to "an action," and not to a "special proceeding," and, the proceeding herein being a "special proceeding," section 1819 has no application, and therefore the statute began to run on the expiration of one year after the granting of letters of administration or letters testamentary. The petitioner having been a minor at that time, however, the statute would not begin to run until she had attained her majority. That occurred some time in the year 1886, or about 20 years ago. Therefore whatever right she had to demand the payment of the said legacy in a proceeding in this court is barred by the statute of limitations, and she must seek relief elsewhere.

Decreed accordingly.